Joseph A. Ferrucci (SBN 186287)
FERRUCCI LAW GROUP, APC
24361 El Toro Road, Suite 105
Laguna Woods, CA 92637
Telephone:  (949) 600-5370
Facsimile:  (949) 600-5371
Email:  jferrucci@oc-litigation.com

Attorneys for Plaintiff VINOD
CHANDRASHEKHAR PATWARDHAN, M.D.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VINOD CHANDRASHEKHAR PATWARDHAN, M.D.,<br><br>             Plaintiff,<br><br>     v.<br><br>UNITED STATES of America, ex rel., DEPARTMENT OF HEALTH AND HUMAN SERVICES, CENTERS FOR MEDICARE & MEDICAID SERVICES and GENERAL SERVICES ADMINISTRATION; and PALMETTO GBA, LLC, a South Carolina limited liability company,<br><br>             Defendants. | **Case No.: EDCV13-00076 RSWL(DTBx)**<br><br>**[REVISED PROPOSED] PROTECTIVE ORDER REGARDING PROTECTED HEALTH INFORMATION** |

**RECITALS**

    A.    Plaintiff is a practicing oncologist;

    B.    In this action Plaintiff seeks damages resulting from his alleged inability to treat Medicare oncology patients due to defendants' alleged failure to accurately maintain their records regarding Plaintiff's Medicare Enrollment Status.

1

PROTECTIVE ORDER REGARDING PROTECTED HEALTH INFORMATION

C. The documents upon which plaintiff's damage claim is based include "Protected Health Information (PHI)," which is any individually identifiable health information, including any records or information which identifies an individual or could reasonably be used to identify an individual, as defined in 45 C.F.R. § 160.103.

D. The PHI is relevant and needed for an understanding of Plaintiff's claims for damages.

**ORDER**

IT IS THEREFORE ORDERED that:

1. Except as otherwise provided herein, PHI will not be disclosed to or used by anyone except the following persons, and by these persons solely for purposes of this litigation:

    a. The Parties and their officers, directors, employees, representatives and insurers who have need for such information for purposes of this litigation;

    b. In-house and outside counsel for the Parties and their staff necessarily involved in the conduct of this litigation;

    c. Experts and consultants retained by any of the Parties who have a need for such information to assist in this litigation;

    d. During deposition or trial, or in preparation for deposition or trial, to any deposition or trial witness where necessary to the testimony of such witness;

    e. Any person who is familiar with such information from some context other than the litigation itself;

    f. the Court, jury, court personnel, court reporters, and similar personnel; or

    g. Any other person with the prior written consent of the designating party.

2. Prior to receiving, being shown or using PHI, persons falling into the categories listed above who are entitled under this Protective Order to have access to such information, other than persons falling in the categories described in paragraphs 1(d), 1(f), 9 and 10, shall be shown a copy of this Protective Order, and shall agree in writing, in the form of the declaration

attached hereto as Exhibit A or verbally on the record during a deposition or trial, to be bound by its terms.

3. To designate "PHI" material covered by this Protective Order, the Plaintiff shall so designate, on the material itself, in an accompanying cover letter, on a diskette cover, or interrogatory or other discovery request response, by using the following designation: "PROTECTED HEALTH INFORMATION-SUBJECT TO PROTECTIVE ORDER." The failure to designate any materials in this manner shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

4. Deposition testimony that one of the Parties reasonably believes will contain PHI shall only be taken in front of persons entitled to access to such information under paragraph 2 of this Protective Order and may be designated as PHI by the designating party making an appropriate statement on the record, in which case the reporter shall stamp or write "CONTAINS PROTECTED HEALTH INFORMATION – SUBJECT TO PROTECTIVE ORDER" on the cover of the transcript. Any party seeking to use information designated as PHI during a deposition shall seek the deponent's agreement on the record to abide by the terms of this Protective Order. If the deponent refuses to assent, the witness shall be asked to sign the original deposition transcript in the presence of the court reporter, and no copy of the transcript or related exhibits shall be given to the deponent.

5. In accordance with Local Rule 79-5.1, if any documents to be filed with the Court in this action contains PHI, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information (if such portion is segregable) under seal. Said application shall be directed to the judge to whom the papers are directed and shall otherwise comply with all provisions of Local Rule 79-5.1.

6. Except as provided in paragraphs 9 and 10, upon completion of the litigation and without the need for written or oral request, the original and all copies of all documents produced during discovery, all interrogatory answers, and all deposition transcripts containing PHI shall be returned to counsel for Plaintiff or destroyed, with the defendants to provide to counsel for the

3
PROTECTIVE ORDER REGARDING PROTECTED HEALTH INFORMATION

producing party a certificate reflecting such disposition.  All notes, copies or other reproductions containing PHI are included in this provision, including but not limited to any such materials in the possession of any consultant or expert engaged by the Parties.

7. This Protective Order is without prejudice to the right of any party to apply for an order modifying or limiting this Protective Order in any respect.

8. All provisions of this Protective Order shall continue to be binding after the conclusion of this action unless subsequently modified by agreement between the Parties or order of the court and the Court shall retain jurisdiction of this matter for the purpose of enforcing this Protective Order.

9. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, designated PHI relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such designated PHI by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction.

10. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide designated PHI to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the designated PHI have been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the producing party or nonparty of the Congressional entity's request and the United States' response thereto.

Dated: August 29, 2013

_____
Honorable David T. Bristow
U.S. MAGISTRATE JUDGE

**EXHIBIT A**

**DECLARATION REGARDING COMPLIANCE**

**WITH PROTECTIVE ORDER**

I, _____, hereby declare that:

1. I have received a copy of the Protective Order Regarding Protected Health Information (hereinafter "the Protective Order") entered in <u>Vinod Chandrashekhar Patwardhan v. United States of America et al.,</u> United States District Court Case No. EDCV13-00076 RSWL(DTBx), and have carefully read and understand its provisions.

2. I agree to abide by and be bound by the terms of the Protective Order. I understand that any failure to comply with the terms in the Protective Order shall subject me and my agents, assignees or attorneys to contempt of Court. I agree that any proceeding to enforce the Protective Order against me may be adjudicated by the Court in which this action is pending. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order. I understand that if I violate the provisions of the Protective Order I may be subject to, among other things, sanctions by the United States District Court, Central District of California.

3. I agree to treat all materials designated as "Protected Health Information," all copies, notes or other records containing or referring to such materials, and the substance or contents of such materials in accordance with the terms of the Protective Order. I also agree to comply with the requirements of the Protective Order with respect to the disposition of documents or information upon conclusion of the litigation.

4. I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: _____

Place Signed: _____

Signed: _____

Printed Name: _____